UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

OBAR LEVELL ELLIS,

        Petitioner,        Case No. 1:15-cv-212

v.        Honorable Robert Holmes Bell

WILLIE SMITH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Obar Levell Ellis presently is incarcerated at the Ionia Correctional Facility. Following a jury trial in the Berrien County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On February 28, 2011, Petitioner was sentenced as a fourth felony offender, MICH. COMP. LAWS § 769.12, to respective prison terms of 40 to 90 years, 6 to 10 years, and 2 years.

Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the following claims:

> I.    DEFENDANT WAS DENIED STATE AND FEDERAL RIGHT TO COUNSEL, WHERE COUNSEL FAILED TO INVESTIGATE, PRESENT EXPERT WITNESSES, WAS UNPREPARED TO PRESENT VIABLE DEFENSE, WAIVED CRITICAL PROSECUTION WITNESSES[.]
>
> II.    DEFENDANT'S CONSTITUTIONAL RIGHT TO COMPULSORY PROCESS TO PRESENT DEFENSE WHEN TRIAL COURT DENIED DEFENSE COUNSEL MOTION TO ADJOURN WHICH PREVENTED DEFENSE FROM OBTAINING EXCULPATORY WITNESS[.]
>
> III.    THE PROSECUTION FAILED TO DISCLOSE THE EXISTENCE OF WITNESS AND WITNESS STATEMENT WHERE WITNESS STATEMENT WAS EXCULPA[TORY] TO DEFENDANT[.]
>
> IV.    DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO TIMELY FILE MOTION TO COMPEL PROSECUTION TO TURN OVER DNA AND TOXICOLOGY REPORTS CAUSE A LENGTHY TRIAL THROUGH FRIVOLOUS MOTIONS AND OBJECTIONS[.]
>
> V.    THERE WAS INSUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT DID NOT ACT IN SELF

>  DEFENSE TO WARRANT CONVICTION OF SECOND DEGREE MURDER PURSUANT TO MCL 750.317[.]
>
> VI. PROSECUTION MISCONDUCT WHERE PROSECUTION QUESTIONED DEFENDANT CONCERNING INFORMANT BEING PLACED IN DEFENDANT'S CELL AND IMPLYING THAT DEFENDANT WAS INVOLVED IN ANOTHER MURDER IN FRONT OF JURORS[.]

(Pet., docket #1, Page ID##3-4.) In an unpublished opinion issued on August 16, 2012, the court of appeals rejected all appellate arguments and affirmed the convictions. The supreme court denied leave to appeal on December 26, 2012. Petitioner sought reconsideration, and the supreme court denied the motion on April 1, 2013.

In March of 2014, Petitioner, through defense counsel, submitted a motion for relief from judgment in the Berrien County Circuit Court, raising four new grounds for relief:

> I. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST CURATIVE JURY INSTRUCTIONS, OR TO OBJECT TO THE WRONG SELF DEFENSE INSTRUCTIONS BEING READ TO JURORS AND FAILED TO REQUEST ANY INSTRUCTIONS REGARDING SPOLIATION OF EVIDENCE[.]
>
> II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE VIABLE CLAIMS ON APPEAL OF RIGHT.
>
> III. TRIAL COURT COMMITTED REVERSIBE ERROR BY ALLOWING IRRELEVANT BAD ACTS EVIDENCE TO BE ADMITTED CONTRARY TO MRE 404(b) WHERE PROSECUTION FAILED TO SHOW THAT ITS PROBATIVE VALUE TO A MATERIAL ISSUE OUTWEIGHED ITS INHERENTLY PREJUDICIAL CHARACTER[.]
>
> IV. DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL FAILED TO ARTICULATE THE BENEFIT OF THE PLEA OFFERED BY THE STATE[.]

(*Id.* at 4.) Petitioner seeks a stay of the proceedings (docket #3). According to the attachments to the motion to stay, Petitioner's motion for relief from judgment was ordered returned to defense

counsel on April 7, 2014, because it failed to comply with the briefing requirements of MICH. CT. R. 6.502, as it substantially exceeded the page limit and failed to identify whether any grounds raised in the motion had previously been presented on direct appeal. (*See* Cir. Ct. Ord. for Return of Insufficient Motion, docket #3-1, Page ID##55-56.)

Petitioner, however, did not receive a copy of the order. In a letter dated May 24, 2014, Petitioner wrote to his attorney, indicating that he intended to expand and supplement the issues raised in the motion for relief from judgment, which Petitioner understood had already been filed by counsel. (*Id.* at 58.) On August 13, 2014, Petitioner sent his attorney a draft argument on a claim of ineffective assistance of counsel, and he asked the attorney to file the argument as a supplement to the motion for relief from judgment. (*Id.* at 59.) Thereafter, on October 3, 2014, Petitioner sent a motion to amend, which he asked the attorney to attach to the ineffective-assistance issue forwarded in August. (*Id.* at 61.) Petitioner subsequently sent additional letters to his attorney, expressing his concerns about filing the supplement to the motion for relief promptly. (*Id.* at 62-63.) In a letter dated November 13, 2014, Petitioner advised his attorney that he had received a response to a letter he sent to the county clerk, inquiring about the status of his motion. The clerk advised Petitioner that the court had returned the motion as insufficient on April 7, 2014. (*Id.* at 64.) Petitioner also wrote the county clerk on November 13 and November 27, 2014, indicating both times that he had not received a copy of the April 7, 2014, order, and requesting another copy. Plaintiff also notified the trial court that he intended to file a new motion for relief from judgment. (*Id.* at 75-76.)

Counsel for Plaintiff wrote the court on November 24, 2014, stating that he had not received the April 7, 2014, order for return of insufficient motion, and pointing out that Petitioner had noted

an error in the attorney post office box listed on the motion, which transposed the last two digits from 289 to 298. (Supp. to Ex. in Supp. of Stay, docket #5, Page ID#87.) Receiving no response, the attorney wrote again on December 17, 2014. (*Id.* at 88.) The court clerk responded on December 30, 2014, indicating that the order was mailed on April 7, 2014, to the improperly identified post office box. The mailing included another copy of the order. (*Id.* at 89.)

In the interim, on December 8, 2014, the attorney sent a letter to Petitioner, advising him that any federal habeas petition he wished to file might be deemed time-barred, unless the federal court permitted tolling during the intervening months, since the rejected motion for relief was filed in March 2014. (Ex. to Mot. to Stay, docket #3-1, Page ID#50.) On February 24, 2015, the attorney advised Petitioner that the motion for relief from judgment was nearly ready and would be forwarded for review by Petitioner before filing. (Supp. to Ex. in Supp. of Stay, docket #5, Page ID#86.)

Petitioner filed his habeas application and motion to stay on or about February 18, 2014.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on February 18, 2015, and it was received by the Court on February 26, 2015. Thus, it must have been handed to prison officials for mailing at some time between February 18 and February 26, 2015. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. On April 1, 2013, the Michigan Supreme Court issued its final order, denying Petitioner's motion for reconsideration. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 1, 2013.

Petitioner had one year from July 1, 2013, or until July 1, 2014, in which to file his habeas application. Petitioner filed his application on February 18, 2015. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the proper filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Such state rules usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* While Petitioner filed a motion for relief from judgment in the trial court in March 2014, his motion was ordered returned because it did not comply with the court rules. It therefore was not properly filed within the meaning of § 2244(d)(2). *Cf. Williams v.*

*Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a motion rejected as untimely was not properly filed)).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. In order to demonstrate entitlement to equitable tolling, "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Labanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

Petitioner implicitly argues that he should be entitled to equitable tolling, based on the fact that he did not receive a copy of the trial court's order of return until November 2014. Petitioner cannot demonstrate the requisite "extraordinary circumstance." The facts set forth in Petitioner's

motion to stay and his attachments suggest several arguments: (1) the state court failed to notify him of its dismissal of his motion; (2) his attorney erred by submitting a motion that was non-compliant with the court rules; (3) his attorney provided the court with an inaccurate address; (4) Petitioner is not trained in the law and should not be held to strict compliance.

With respect to the first argument, that the state court deprived him of notice of the dismissal of his motion, Petitioner cannot demonstrate the existence of an extraordinary circumstance warranting equitable tolling. The state court took no improper action. Instead, the Court mailed a copy of its order to the address it had; that address was simply incorrect as the result of a typographical error on the part of Petitioner's attorney. As a consequence, the state court committed no error that would amount to an extraordinary circumstance.

Second, the fact that counsel filed a non-conforming brief does not amount to an extraordinary circumstance. A "garden variety claim of excusable neglect" by an attorney, such as a simple miscalculation of the limitations period, does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). "Tolling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" *Christeson v. Roper*, 135 S. Ct. 891, 894 (2015) (quoting *Holland*, 560 U.S. at 651-52). The submission of a non-conforming brief is a common error that rarely affects a case. The attorney may not have anticipated that the motion would be dismissed for failure to conform, but that the court would be flexible in accepting a nonconforming brief. Regardless, counsel would have anticipated that he had sufficient time to edit any motion and brief deemed too long. As a consequence, counsel's error in submitting the brief was a garden-variety error for which equitable tolling is not warranted.

Third, the fact that counsel wrote an incorrect address on the motion for relief was an error of an entirely ordinary nature – a typographical one. *See Franklin v. McEwen*, No. CV 10-6016-JFW, 2010 WL 5563570, at *5 (C.D. Calif. Dec. 7, 2010) (Report and Recommendation adopted as judgment of the court on Jan. 11, 2011) (holding that a typographical error in an attorney's address that delayed notice did not constitute the sort of egregious attorney error warranting equitable tolling). Based on the evidence presented by Petitioner, counsel did not ignore Petitioner and did not knowingly fail to advise Petitioner that the motion had been dismissed. *See Keeling*, 673 F.3d at 463-64 (holding that an attorney's failure to notify a petitioner that the state court or appeals had affirmed his conviction, thereby triggering the statute of limitations, could in some circumstances warrant equitable tolling). Petitioner therefore fails to demonstrate that counsel's error rose to the level of an extraordinary circumstance under the second prong of *Holland*, 560 U.S. at 649.

Finally, the fact that Petitioner is untrained in the law is not the sort of circumstance that supports equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("ignorance of the law alone is not sufficient to warrant equitable tolling."); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Allen*, 366 F.3d at 403-04 (6th Cir. 2004); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005). For all these reasons, Petitioner fails to demonstrate that an extraordinary circumstance prevented him from filing a timely petition.

Petitioner also cannot show the requisite diligence necessary for equitable tolling. Although Petitioner undoubtedly has demonstrated his interest in pursuing a collateral state-court motion, he made no attempt for seven months to determine what had happened to the motion he filed in the trial

court.  Instead, Petitioner appeared to believe that he could continue to submit over the course of months additional arguments to support a motion that was filed in March, without concern for a possible decision on the motion.  (*See* Letters from Plaintiff to Counsel between May 24 and October 31, 2014, docket #3-1, Page ID##52, 59-61.)  In addition, after learning of the April order, Petitioner made no attempt to immediately re-file his earlier motion in the state court or to file a habeas petition.  Indeed, the new motion for relief from judgment remained unfiled as of February 18, 2015, when Petitioner filed his habeas application.  Moreover, Petitioner received notice that his motion was dismissed on April 7, 2014 from a letter sent to him on November 7, 2014.  He should have been aware at that time that his habeas limitations period had expired, yet he failed to take immediate action in this Court.  Further, on December 8, 2014, counsel expressly informed Petitioner that his statute of limitations in his habeas case was likely to be affected by the delay in time.  Yet Petitioner did not file his habeas petition and request for a stay pending exhaustion until February 18, 2015.  Petitioner was well aware of the issues he intended to raise, having already spent many months on his motion for relief from judgment, and he should have been able take action immediately.

In sum, Petitioner fails to demonstrate either that an extraordinary circumstance stood in his way or that he was diligent in pursuing his rights.  As a consequence, he is not entitled to equitable tolling.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a

Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not allege that he is actually innocent, nor does he proffer new evidence of his innocence. He therefore is not excused from the statute of limitations under the exception set forth in *McQuiggin*, 133 S. Ct. at 1931-32. His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's motion seeking a stay be denied and that his habeas corpus petition be dismissed because it is barred by the one-year statute of limitations. I recommend, however, that a certificate of appealability be granted. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: April 3, 2015                                    /s/ Phillip J. Green
                                                        Phillip J. Green
                                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).